**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 15 C 8587 |
| | Judge James B. Zagel |
| NATHANIEL SAUNDERS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Nathaniel Saunders brings a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2255. Saunders argues that he was improperly sentenced as an armed career criminal as a result of predicate convictions that purportedly run afoul of the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). For the following reasons, the Petition is denied. I am also denying any request for a certificate of appealability.

**PROCEDURAL BACKGROUND**

On April 16, 2002, Saunders was convicted and sentenced under 18 U.S.C. § 922(g) for possessing a firearm as a felon. Under the Armed Career Criminal Act ("ACCA"), a person may be subject to an extended term sentence if he or she has three or more previous convictions for violent felonies or serious drug offenses.

Saunders received a 240-month sentence because he qualified for an enhanced sentence under the ACCA based on a 1975 felony conviction for aggravated battery, a 1980 felony conviction for robbery, and a 1982 conviction for murder. These three convictions were committed on different occasions from one another, making Saunders' total offense level 33

1

pursuant to USSG 4B1.4(c)(3) and criminal history category IV. Based on this offense level, Saunders was subject to a mandatory minimum term of imprisonment of 15 years, and a maximum term of life.

Although Saunders appealed his case, this appeal only covered his conviction, and did not address the length of his sentence or the manner by which the sentence was calculated. Saunders first addressed the length of his sentence in May 2005, when he filed a habeas petition that disputed his extended term sentence under the ACCA due to *Descamps v. United States,* and argued for a resentencing hearing under *United States v. Booker*. Furthermore, in a supplemental motion, Saunders also argued that his appellate counsel was ineffective. The district court ultimately denied all of these motions.

On September 10, 2015, the Seventh Circuit granted Saunders' petition to proceed on a second or subsequent motion to vacate his sentence. This petition was based upon the Supreme Court's recent decision in *Johnson v. United States*. In *Johnson*, the Supreme Court held that an enhanced term sentence under the "residual clause" of the ACCA is unconstitutionally vague.

## LEGAL STANDARD

A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it

asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

In the present § 2255 petition, Saunders contends that his sentence is in violation of his Due Process Rights. To support this assertion, Saunders argues that his prior convictions were incorrectly counted as violent felonies because the Supreme Court struck down the residual clause of the ACCA in *Johnson*. The ACCA defines a violent felony as a crime that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). Saunders argues that neither his aggravated battery conviction nor his robbery conviction were validly qualified as violent felonies. Based on these facts, Saunders argues that he should now be resentenced to a maximum of ten years, which is the statutory maximum under 18 U.S.C. § 924(e).

## I. Petitioner's Aggravated Battery Conviction

The Illinois battery statute provides that a battery has occurred when an individual "causes bodily harm to an individual or . . . makes physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3. Battery does not automatically qualify as a violent felony because there is an avenue by which battery may occur without force.

Saunders argues that his aggravated battery charge does not qualify as a violent felony because it is not among the explicated offenses (burglary, arson, or extortion) and the government would have to show that he pled guilty to "intentionally or knowingly caus[ing] great bodily, or permanent disability or disfigurement" in order for his battery conviction to

3

qualify as a violent felony. Saunders further claims that the arrest report is the only proof supporting his violent felony extension, and that this not a supported method of proof.

This argument fails because Saunders did, in fact, plead guilty to aggravated battery charges on January 30, 1978. Although it is not entirely clear which counts Saunders pled guilty to, all four of the charges listed on the indictment indicate an element of bodily harm against the victim. Count One of the indictment charged Saunders with "intentionally and knowingly, without legal justification, committ[ing] a battery . . . which caused great bodily harm. " Count Two charged Saunders with "intentionally and knowingly, without legal justification, committ[ing] a battery . . . which caused permanent disability." Count Three charged Saunders with "intentionally and knowingly, without legal justification, committ[ing] a battery . . . which caused permanent disfigurement." Count Five charged Saunders with "committ[ing] the offense of aggravated battery, in that he . . . used a deadly weapon."

No matter which Count is chosen, therefore, Saunders' battery conviction clearly qualifies as a violent felony under the ACCA.

## II. Petitioner's Robbery Conviction

Saunders also argues that his robbery conviction does not qualify as a violent felony under ACCA. This argument also holds no merit because Saunders' robbery conviction consists of the kind of physical force that is *violent* in nature. In Illinois, a robbery is defined as "the taking . . . of property from the person of another against his will by violence or putting him in fear." *United States v. Rodriguez*, 925 F.2d 1049, 1052 (7th Cir. 1991). Even if a robbery does not specifically include violent force, therefore, it necessarily includes an element of intimidation that puts an individual in fear. Intimidation is a threatened use of physical force, and accurately qualifies as violent in nature. As noted in similar cases, "[f]orce that is capable of compelling

action fits within the definition of violent force set out in the Supreme Court's 2010 decision in *Johnson*." *United States v. Enoch*, Case No. 15-cr-66, 2015 WL 6407763 (N.D. Ill. Oct. 21, 2015) ("Intimidation is the threat of force . . . which exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance . . . would be met with force"); *United States v. Cunningham*, 2016 WL 687902, (N.D. Ill. Feb. 19, 2016). Because robbery includes an element of intimidation, which is violent by law, the conviction qualifies under the ACCA, and has no bearing on Saunders' extended term sentence.

### III. Certificate of Appeal

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a habeas petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to merit a certificate of appealability, a petitioner must show that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Saunders has failed to make a substantial showing of the denial of a constitutional right, I am declining to issue a certificate of appealability. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**CONCLUSION**

Because there is no indication that any of Saunders' prior convictions invoked the residual clause of the ACCA and must be reconsidered under *Johnson*, I am denying the Petition. Saunders' sentence, therefore, is not beyond the lawful statutory maximum and need not be vacated. Because reasonable jurists could not debate whether the Petition should have been resolved in a different manner, I am declining to issue a certificate of appealability.

ENTER:

James B. Zagel
United States District Judge

DATE: April 25, 2016